TAXATION — AUTOMOBILE DEALERS — EXCISE TAX ON "DEMONSTRATORS" Where a new car dealer transfers ownership of a new vehicle to another new car dealer, and the said vehicle is used as a "demonstrator" for a period of time and, thereafter, the second dealer sells the vehicle to an individual purchaser, the excise tax should be paid by the individual purchaser of the vehicle. For excise tax purposes, a "demonstrator" under the circumstances as outlined in your first question, should be taxed as a "new vehicle" at the time of its first registration in the State of Oklahoma. The Attorney General has considered your opinion request wherein you ask, in effect, the following two questions: (1) When a new car dealer sells or otherwise transfers legal ownership of an unregistered new vehicle within his inventory to another new car dealer, which other new car dealer uses said vehicle as a demonstrator for a period of time, said vehicle thereby acquiring 10,000 to 15,000 miles as a demonstrator prior to sale to an individual purchaser, is the two percent (2%) new vehicle excise tax due, as provided under 68 O.S. 2103 [68-2103] and 68 O.S. 2104 [68-2104] (1971), upon the transfer of legal ownership or possession between the first and second new car dealer, or, is the applicable excise tax to be paid by the individual purchaser upon purchase from the second new car dealer ? (2) If the subject vehicle has been used as a demonstrator and the individual purchaser is required to pay the excise tax, does the vehicle qualify for "used car" excise tax rates as opposed to "new car" excise tax rates even though the vehicle has not been previously registered? The answer to your first submitted question requires an initial analysis and review of those transactions upon which a motor vehicle excise tax levy is made, this being as provided under 68 O.S. 2103 [68-2103] (1971). 68 O.S. 2103 [68-2103] provides, in pertinent part: "(a) There is hereby levied an excise tax of two (2%) per cent of the value of each motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, industrial tractor and farm tractor, upon the transfer of legal ownership of any such vehicle registered in this State and upon the use of any such vehicle registered for the first time in this State, except as otherwise provided in this Article. The tax hereby levied shall be due at the time of the transfer of legal ownership or first registration in this State of such vehicle, and shall be collected by the Tax Commission at the time of the issuance of a certificate of title for any such vehicle . . . . "(b) The provisions of this Section shall not apply to transfers made without consideration between husband and wife or parent and child." Under 68 O.S. 2103 [68-2103], it is apparent that there are essentially three motor vehicle ownership transfer and use transactions which invoke the application and levy of the two percent (2%) excise tax. These are: (1) The transfer of legal ownership of any vehicle registered in this State, (2) The use of any vehicle registered in this State. and. (3) The use of any vehicle registered for the first time in this State. Applying the transaction facts and circumstances as outlined in your first submitted question to the taxable transactions quoted in 68 O.S. 2103 [68-2103], it would firstly appear that the subject transaction would not fall within the first two noted categories. In this respect, while admittedly the subject transaction would appear to involve the transfer of legal ownership or use of a vehicle, such transaction would not involve a "vehicle registered in this State" as referred to in 68 O.S. 2103 [68-2103], and accordingly, the inter-dealer transaction would not invoke levy of the excise tax under these provisions. As to the third category of excise taxable transactions, i.e., the first registration tax imposition, the applicability of this category to the subject transaction could vary depending upon additional statutory considerations as well as variable facts and circumstances surrounding the transaction. In this regard, the following principles and considerations should be observed. It should firstly be noted that the acquiring dealer may, by his own volition, desire to obtain an original certificate of title to the vehicle acquired from the selling or transferring dealer. Indeed, to accomplish this desire and purpose, the subject vehicle would first have to be registered with the Oklahoma Tax Commission, the same being as required in any consumer purchase of a new motor vehicle. Refer generally to 47 O.S. 22.3 [47-22.3], 47 O.S. 23.3 [47-23.3] [47-23.3] and 47 O.S. 23.6 [47-23.6] (1971). This first registration requirement necessarily invoked in the application for a certificate of title would clearly fall within the third noted excise taxable transaction heretofore referred, and accordingly, the respective excise tax would be levied and due from the purchasing dealer. Relative to circumstances wherein the acquiring dealer does not desire to obtain a certificate of title to the subject vehicle and thereby invoke the first registration excise tax liability, it must next be determined if the acquiring dealer has a legal duty or obligation to make a first registration of the new vehicle so acquired. In this regard, it would appear from a reading and review of the various applicable statutory provisions concerning vehicle registration requirements that the acquiring dealer would not be statutorily obligated to register the subject vehicle. Indeed, the purchase of a new motor vehicle is normally a transaction requiring first registration and application for original certificate of title. Refer to 47 O.S. 22.3 [47-22.3] and 47 O.S. 23.6 [47-23.6] (1971). However, the new car inventory of a licensed new car dealer appears to be generally excepted from such first registration requirements, said exception being by virtue of specific registration and licensing requirements imposed upon such vehicles. Such specific requirements are those basically as provided under 47 O.S. 22.15 [47-22.15](A) (1975). It would appear from the specific registration and licensing requirement imposed by 47 O.S. 22.15 [47-22.15](A) as well as from a related reading and application of 47 O.S. 23.3 [47-23.3] (1971), that a licensed new car dealer's new car inventory is not subject to the first registration requirements normally imposed upon new car purchasers. Such first registration exception would of course not be applicable, under 47 O.S. 22.15 [47-22.15](A) to those new car vehicles acquired by such new car dealer which are used for "a service car, or private use or for hire." Based upon the above-noted statutory provisions, it must be concluded that a new car dealer, in acquiring a new motor vehicle for ultimate sales purposes, would not be required to apply for a first registration of said vehicle as contemplated in 68 O.S. 2103 [68-2103] (1971), and that accordingly, the third category of excise taxable transactions as heretofore noted would likewise not be applicable to the transaction referred to in your first question. Accordingly, it would appear that in the otherwise existing chain of purchases as referred in your first question, the first excise tax payment to be made on the subject vehicle would be made by the individual purchaser at the time of his purchase from the second or acquiring new car dealer. Relative to your second submitted question, that being, whether the subject vehicle qualifies for "used car" as opposed to "new car" excise rates as may be payable by the ultimate purchaser of the subject vehicle, initial reference must again be made to 68 O.S. 2103 [68-2103] and 68 O.S. 2104 [68-2104] (1971). Under 68 O.S. 2103 [68-2103] the excise tax levied upon the respective motor vehicle transaction or use is "two (2%) per cent of the value of such vehicle." Section 2104 establishes the referred to value of vehicles. 68 O.S. 2104 [68-2104] provides in pertinent part: "On and after October 1, 1961, the value of any new motor vehicle, except house trailers, for the purposes of the excise tax levied by this Article, shall be determined as of the time the person applying for a certificate of title thereto obtained either ownership or possession of the vehicle, which shall be presumed to be the actual date of the sale or other transfer of ownership, and assignment of the certificate of title. The value of a new vehicle manufactured in the United States shall be the manufacturer's price of such a vehicle delivered at the factory plus the value of all extra or optional equipment and accessories physically attached to such vehicle at the time of sale and sold as a part thereof. The value of such optional equipment and accessories shall not be less than the manufacturer's suggested retail selling price thereof or the manufacturer's factory price thereof, whichever is the higher . . . . (Emphasis added) ". . . The manufacturer's price of a new vehicle manufactured outside of the United States shall, for the purpose of the excise tax levied by this Article, be the value of such model and make of vehicle as determined by the Tax Commission as the gross value of such vehicle at the point or point of entry into the United States, which value shall likewise include the value of all extra or optional equipment and accessories attached to such vehicle. Notwithstanding the definition of the terms 'new vehicle' and 'used vehicle' to the contrary contained in any other law, the term 'new vehicle' as used in this Section shall also include any vehicle of the latest manufactured model which is owned or acquired by a licensed used car dealer and which has not theretofore been registered in Oklahoma and upon which vehicle an Oklahoma motor vehicle excise tax has not been paid. However, upon the sale or transfer by a licensed used car dealer located in this State of any such vehicle which is the latest manufactured model, said vehicle shall be valued as a used vehicle for excise tax purposes. The value of a used vehicle shall be sixty-five per cent (65%) of the new vehicle value of such vehicle, determined (as above provided) for subsequent transfers in the first year and in the second year for which registered and sixty-five per cent (65%) of the value of the previous year, so fixed for each successive calendar year for which such vehicle is registered and licensed in this, or any other State, until such vehicle reaches a minimum value of Thirty-five Dollars ($35.00)." (Emphasis added) Although the above-quoted 68 O.S. 2104 [68-2104] clearly specifies the -vehicle value for excise tax purposes as are applicable to new and used motor vehicles, this section, as well as the vehicle excise -tax article generally, do not explicitly define what constitutes a new or used motor vehicle for excise tax purposes. In this respect it is noted that 47 O.S. 22.1 [47-22.1] (1971), a statutory provision expressly applicable to vehicle licensing and registration, defines both new and used motor vehicles. Under this section, a new motor vehicle is defined as: "A vehicle which is in the possession of the manufacturer, or has been sold only by the manufacturer to the holder of a valid selling agreement, franchise, or contract, granted by the manufacturer to sell said make of new vehicle. This shall not include any vehicle owned or possessed by any person who is not the holder of a valid selling agreement, franchise, or contract with the vehicle manufacturer." Also in this section, a used motor vehicle is defined as: "A vehicle which has been sold, bargained, exchanged or given away, or used to the extent that it has become what is commonly known, and generally recognized as a 'second-hand' vehicle. This shall also include any vehicle, regardless of age, owned by any person who is not the holder of a valid selling agreement, franchise, or contract with the manufacturer of the type of vehicle so owned or possessed." It should be noted that a "demonstrator" could be taxable as a new motor vehicle under the specific language of 68 O.S. 2104 [68-2104]. In this regard, a part of the language of 68 O.S. 2104 [68-2104] bears reiteration: "Notwithstanding the definition of the terms 'new vehicle' and 'used vehicle' to the contrary contained in any other law, the term 'new vehicle' as used in this section shall also include any vehicle of the latest manufactured model which is owned or acquired by a licensed used car dealer and which has not theretofore been registered in Oklahoma and upon which vehicle an Oklahoma motor vehicle excise tax has not been paid. However, upon the sale or transfer by a licensed used car dealer located in this State of any such vehicle which is the latest manufactured model, said vehicle shall be valued as a used vehicle for excise tax purposes." (Emphasis added) When all of the above statutory sections are taken together, it is apparent that a "demonstrator" is a "new vehicle" for tax purposes when acquired by an individual purchaser from a first or second new car dealer as envisioned in your first question. It is, therefore the opinion of the Attorney General that your questions be answered in the following manner. Where a new car dealer transfers ownership of a new vehicle to another new car dealer, and the said vehicle is used as a "demonstrator" for a period of time and, thereafter, the second dealer sells the vehicle to an individual purchaser, the excise tax should be paid by the individual purchaser of the vehicle. For excise tax purposes, a "demonstrator" under the circumstances as outlined in your first question, should be taxed as a "new vehicle" at the time of its first registration in the State of Oklahoma. (R. THOMAS LAY) (ksg)